# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL LOUIS BLANK,  No. 2:16-cv-2422-JAM-CMK

    Plaintiff,

  vs.  ORDER

WELLS FARGO BANK,

    Defendant.

_____/

    Plaintiff, proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1), first amended complaint (Doc. 4), second amended complaint (Doc. 5) and third amended complaint (Doc. 6). Plaintiff as also requested leave to proceed in forma pauperis (Doc. 2).

    Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security therefor. His motion for leave to proceed in forma pauperis (Doc. 2) will therefore be granted.

    As to the multiple complaints plaintiff has filed, the Federal Rules of Civil Procedure provide that a party may amend his pleading once as a matter of right at any time before being served with a responsive pleading. Fed. R. Civ. P. 15(a). Any other amendment is

allowed only upon consent by the opposing party or the court's leave. Id.  Here, plaintiff did not request leave of court to file any of his amended complaints.  His first amended complaint (Doc. 4) would be considered his once as of right amendment.  Without leave of court, the other amended complaints were filed without authorization, and will be stricken from the docket.  This action, therefore, now proceeds on the amended complaint, which supercedes the prior complaint and is addressed in this order as the operative complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

The Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a). This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th

Cir. 1995). "[A] pro se litigant is not excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000).

In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). While "[s]pecific facts are not necessary; the statement [of facts] need . . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotes omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's claim is unclear. It appears plaintiff is complaining about having to repay an overdraft debt in one of his accounts at Wells Fargo. He states the bank required him to repay an overdraft amount of $669.00 in order to get his savings account withdrawal privileges restored. The funds to cover the checking overdraft was from his Social Security direct deposit. He therefore alleges the defendant violated the American with Disabilities Act.

## II. DISCUSSION

Here, plaintiff's complaint suffers from numerous deficiencies. Overall, plaintiff's claims and allegations are too vague for the court to determine whether he is able to state a claim for relief. The court has an obligation to construe pro se pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff states this court has jurisdiction to hear violations of American's with

Disabilities Act (ADA). It therefore appears that he is attempting to state a claim for violation of the ADA. Plaintiff, however, fails to plead sufficient facts to show that he is covered by the ADA or that there was a violation of the ADA, and if there was, what title was violated.

To establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability. See Weinreich v. Los Angeles County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir.1997).

Here, plaintiff fails to indicate what title of the ADA he claims the defendants violated, but the court is assuming he intended to set forth a Title II violation. However, he fails to plead sufficient facts to state a prima facie violation. Not only does he fail to plead what disability he has to qualify him for ADA protection, he fails to set forth what services, programs or activities he was excluded from.

The factual statements in plaintiff's complaint are simply too vague and conclusory for the court to determine whether this action is frivolous, fails to state a claim for relief, or if this court has jurisdiction over his claims. Either way, the court has determined that the complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedures 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Comty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claim, and how those act violated her rights. See id. Because plaintiff has failed to comply with the requirements of Rule 8(a)(2), the complaint must be dismissed. However, as it appears possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted;

2. Plaintiff's first amended complaint is dismissed with leave to amend;

3. Plaintiff's second and third amended complaints are stricken as filed without leave of court; and

4. Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: May 24, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE